## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL NIESSEN, | ) |
| Plaintiff, | ) CIVIL ACTION NO.: _____ |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| BLOMMER CHOCOLATE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

Plaintiff, Crystal Niessen, a resident of Lebanon County, Pennsylvania, by and through her attorneys, McCarthy Weisberg Cummings, P.C., brings this civil action for damages against the above named Defendant, Blommer Chocolate Company, demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

### THE PARTIES

3. Plaintiff, Crystal Niessen ("Ms. Niessen"), is an adult individual residing at 2 Linda Lane, Richland, Lebanon County, Pennsylvania.

4. Defendant Blommer Chocolate Company ("Blommer") is a Delaware corporation, with a principal place of business located at 600 West Kinzie Street, Chicago, Illinois.

5. Blommer, the largest cocoa processor and ingredient chocolate supplier in North America, maintains a business location at 1101 Blommer Drive, East Greenville, Montgomery County, Pennsylvania.

6. At all times relevant to this Complaint, Blommer employed in excess of one hundred (100) individuals.

## ADMINISTRATIVE PROCEEDINGS

7. On or about February 24, 2014, Ms. Niessen filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2014-01846, alleging sexual harassment, retaliation and constructive discharge from her employment with Blommer.

8. Ms. Niessen has been advised of her individual right to bring a civil action by receiving a Notice of Right to Sue (Issued on Request) from the EEOC, dated December 30, 2014.

9. Ms. Niessen has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

10. On or about July 22, 2012, Ms. Niessen was hired by Blommer to work at its facility located in East Greenville, Pennsylvania as a machine operator in the Refining

Department.  Prior to being hired, Ms. Niessen had been a temp-to-hire with Blommer beginning on or about April 17, 2012.

11. For the vast majority of her tenure with Blommer, Ms. Niessen was the only female assigned to the Refining Department.

12. As a result of being the only female in her department, Ms. Niessen was subjected to numerous instances of sexual harassment, involving unwanted sexual comments. The remarks were generally crude sexual references pertaining to objects or activities in the workplace.

13. On three occasions, Ms. Niessen reported these unwanted sexual comments to her supervisor and a written report was submitted to Human Resources.

14. Following each report, Ms. Niessen was subjected to retaliation by her male co-workers, who resented Ms. Niessen's reports and generally refused to interact with her.

15. In addition to the unwanted sexual comments, it was clear to Ms. Niessen that several of her male co-workers were also unreceptive to a female in the Refining Department, which was generally an all-male department.

16. Although Ms. Niessen made requests to be transferred to other departments to escape the harassment and discrimination, these requests were denied.

17. Finally, following a period of escalating stress due to Ms. Niessen's work conditions and the failure of management and the Human Resources to curtain the harassment, Ms. Niessen had no choice but to resign her position on or about May 13, 2013.

## COUNT I
## SEXUAL DISCRIMINATION AND HARASSMENT

18. The averments of Paragraphs 1 through 17 above are incorporated by reference as though fully set forth herein.

19. Blommer created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its facility in East Greenville, Pennsylvania where Ms. Niessen worked, which hostile environment was ongoing and pervasive throughout Ms. Niessen's employment.

20. The acts of Blommer, and its officers, agents and employees manifesting and permitting this hostile environment, insofar as they are known to Ms. Niessen, included allowing Ms. Niessen's coworkers to sexually harass her, and continuing to allow this situation to occur despite Ms. Niessen's repeated complaints and reports.

21. The sexually hostile environment was specifically known to Blommer's management and Human Resources Department, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

22. As a consequence of the hostile environment supported and encouraged by Blommer's actions and failures to act, Ms. Niessen was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

23. As a result of the sexually hostile environment, Ms. Niessen has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

24. The actions of Blommer set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Crystal Niessen respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Blommer Chocolate Company, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II
## RETALTIATION

25. Paragraphs 1 through 24 above are incorporated herein by reference as if more fully set forth at length.

26. Subsequent to reporting the sexual discrimination and harassment, Blommer retaliated against Ms. Niessen and constructively terminated her employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

27. As a consequence of Blommer's wanton and willful acts of retaliation, Ms. Niessen was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

28. As a result of Blommer's retaliation, Ms. Niessen has suffered economic loss, including loss of earnings, emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

29. The actions of Blommer set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Crystal Niessen respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Blommer Chocolate Company, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

January 9, 2015
Date

/s/ Larry A. Weisberg
Larry A. Weisberg
PA Bar I.D. #: PA83410
lweisberg@mwcfirm.com

Derrek W. Cummings
PA Bar I.D. #: PA83286
dcummings@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (FAX)

*Attorneys for Plaintiff*